Argued May 6, affirmed May 13, 1964

# WELLS v. WELLS
392 P. 2d 246

*Frederic P. Roehr,* Portland, argued the cause for appellant. On the brief were Harry F. Samuels and Vergeer & Samuels, Portland.

*Wendell Gronso,* Burns, argued the cause for respondent. With him on the brief were Cramer & Gronso, Burns, and Roy Kilpatrick, Canyon City.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell, Goodwin and Denecke, Justices.

### ROSSMAN, J.

■■ This is an appeal by the defendant, former husband of the plaintiff, from an order of the circuit court which denied his motion to modify a decree which awarded to the plaintiff a divorce and the custody of the child of which the parties are the parents. The decree was entered May 27, 1960. The challenged order was entered April 8, 1963. The child was then ten years of age. The motion to modify was based upon a contention that the plaintiff is not a fit custodian of the child. Before its entry the circuit court heard testimony which, as transcribed, covers 204 pages. Although the evidence which raked over the muck of this shattered romance is extensive, yet, as said in *Coleman v. Coleman,* 236 Or 73, 386 P2d 811, a moment in the courtroom such as the alert trial judge experienced is a better index to the truth than this testimony which in many of its features appears to be a product of the spleen. The matter of preponderant importance in cases of this character is the welfare of the child. All else is secondary.

The challenged order states as a basis for its entry:

"* * * there has not been a change of circumstances and that the plaintiff is in every way a fit and proper person to continue to have the custody of the minor child."

We have examined the evidence and are satisfied that it warrants the finding just quoted.

The record shows that the little girl is healthy and that she is making good progress in school. It does not indicate that the mother is endeavoring to incline her daughter from its father.

We concur in the findings of the trial judge. His order is affirmed.